IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JOHN D. FOSBINDER,** | )<br>) |
| **Plaintiff,** | )<br>) |
| | )   **8:06CV522** |
| **vs.** | )<br>)   **QUALIFIED** |
| **COVENTRY HEALTH CARE OF NEBRASKA, INC.,** | )   **PROTECTIVE ORDER**<br>)<br>) |
| **Defendant.** | ) |

WHEREAS, discovery in the above-captioned action has and may continue to involve the production of documents and information which the parties claim to be confidential and the parties desire to pursue discovery with a minimum of delay and expense.

IT IS HEREBY AGREED AND ORDERED:

1. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever including, but not limited to documents produced by the producing party to this action.

2. The Plaintiff has served Defendant with Requests for the Production of Documents ("Discovery Requests") that seek certain Confidential Documents that are considered confidential by Defendant. ("Confidential HIPAA Documents"). Subject to the terms of this Qualified Protective Order, Defendant has agreed to produce, pursuant to the Discovery Requests, the Confidential HIPAA Documents, consisting of the Administrative Record and the External Review Organization's report of Coventry member #506705820*02. Counsel for Defendant has a good faith belief that the Confidential HIPAA Documents are entitled to confidentiality pursuant to Fed. R. Civ. P. 26 because public disclosure of the Confidential HIPAA Documents sought by the Discovery Requests would

be a violation of 42 U.S.C. § 1320d et seq. ("HIPAA") and harm the privacy of third-parties. All such documents produced in this action shall be considered "Confidential" for purposes of this Qualified Protective Order, and shall be used by Plaintiff only for the conduct of this litigation and not for any business or other purpose.

      3.    Confidential HIPAA Documents shall bear Bates labeling and be delineated with the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or some variation thereof. To the extent a document has been produced without such label, Defendant may designate such document as Confidential by letter to opposing counsel requesting such designation.

      4.    Confidential HIPAA Documents shall not reveal any individually identifiable protected health information of Coventry member #506705820*02. Defendant shall "black out" the name of Coventry member #506705820*02 on each Confidential HIPAA Document.

      5.    The parties and their counsel shall maintain the confidentiality of the Confidential HIPAA Documents, consisting of the Administrative Record and the External Review Organization's report of Coventry member #506705820*02, and shall restrict the use, discussion and release of the Confidential HIPAA Documents to solely the purposes of this litigation and as may be further authorized by this Court or as otherwise permissible by law.

      6.    If at any time either party must file any other documents with this Court that reveals the name or individually identifiable health information of any third-party, said filing must be filed as a restricted document pursuant to the E-Government Act.

      7.    No person to whom a document or information designated confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any

purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, or other proceedings associated with this litigation.

8. Any party or attorney for a party furnishing documents or disclosing information in compliance with the terms of this Order shall not waive the confidentiality thereof.

9. Inadvertent failure to designate confidential material as "confidential" at the time of production or use in testimony or affidavit may be remedied by supplemental written notice.

10. Within fifteen (15) days of entry of this Qualified Protective Order, if the Court does not restrict access to Filing Nos. 30 and 31 in this matter, Plaintiff must move to restrict access to Filings Nos. 30-31 due to disclosure of individually identifiable protected health information of a Coventry member.

11. At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of such documents) shall be either destroyed or returned to Defendant within thirty (30) days after the conclusion of this case, including the exhaustion of any appeals filed.

12. This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not "confidential" as defined above; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground.  During the pendency of any challenge to the applicability of this Qualified Protective Order to any document,

information or thing, however, said document, information or thing shall remain subject to the provisions of this Qualified Protective Order.

13.  The Court, in its discretion, may impose sanctions upon any person who intentionally grants access to the confidential documents or information for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief.

14.  Nothing in this Order shall confer or in any way affect any ownership or other rights in the documents or data which are subject to this Order.

15.  If the Parties, or any qualified person who is bound by the terms of this Protective Order, receive a document request or subpoena from any other person, party or entity seeking production of any of the Confidential HIPAA Documents, the Parties or the qualified person shall promptly notify the producing-party's counsel of the request in order to afford the producing-party's adequate opportunity to object, seek relief, or otherwise protect access to the Confidential HIPAA Documents

**DATED July 26, 2007.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**